IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HOPE MARIE KING                                                                                    PLAINTIFF

vs.                                         Civil No. 2:15-cv-02114

CAROLYN W. COLVIN
Commissioner, Social Security Administration                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Hope Marie King ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.     **Background:**

Plaintiff filed her disability application on April 18, 2012. (Tr. 9). In this application, Plaintiff alleges being disabled due to joint problems, bipolar disorder, depression, anxiety, diabetes, and asthma. (Tr. 162). Plaintiff alleges an onset date of December 31, 2008. (Tr. 9). This application was denied initially and again upon reconsideration. (Tr. 74-75).

Thereafter, Plaintiff requested an administrative hearing on February 11, 2013. (Tr. 82-

83). This hearing request was granted. (Tr. 25-72). Plaintiff's administrative hearing was held on August 7, 2013 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Susan Rupp. *Id.* Plaintiff and Vocational Expert ("VE") Deborah Steele testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 30). As for her education level, Plaintiff testified she had completed an associate's degree in business. (Tr. 30).

On December 16, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 6-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2008, her alleged onset date. (Tr. 11, Finding 2). The ALJ found Plaintiff had the following severe impairments: asthma, cervicalgia, obesity, bipolar disorder (not otherwise specified), post-traumatic stress disorder, and personality disorder (not otherwise specified with histrionic traits). (Tr. 11, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ first evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 13-18, Finding 5). Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can perform occasional overhead reaching bilaterally. She must avoid concentrated exposure to fumes, odors, dusts, gases, and similar environments. Her work is limited to simple, routine, and repetitive

>tasks involving only simple work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform. (Tr. 18, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified a hypothetical person with Plaintiff's limitations retained the capacity to perform the following occupations: (1) merchandise marker with 2,134 such jobs in Arkansas and 219,159 such jobs in the nation; (2) inspector checker or warehouse checker with 423 such jobs in Arkansas and 27,371 such jobs in the nation; and (3) laundry worker with 3,332 such jobs in Arkansas and 371,379 such jobs in the nation. *Id.* Based upon this testimony, the ALJ determined Plaintiff could perform other work and had not been under a disability, as defined by the Act, from December 31, 2008 through the date of the ALJ's decision or through December 16, 2013. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On May 5, 2015, the Appeals Council denied this request for review. (Tr. 1-3). On June 9, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This matter is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less

than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling

impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred in assessing her credibility; (3) the ALJ erred in assessing her RFC; and (4) the ALJ erred in evaluating her attending physician's statement. ECF No. 12 at 1-19. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's RFC and subjective complaints. Thus, the Court will only evaluate Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, the ALJ outlined Plaintiff's medical records and then proceeded to discount her subjective complaints because they were not supported by her medical records. Instead of evaluating the *Polaski* factors, the ALJ stated the following:

6

> The Administrative Law Judge does not discount all of the claimant's complaints and recognizes that she does experience limitations. However, given *the objective medical evidence in the record,* the Administrative Law Judge finds that the claimant's residual functional capacity is reasonable, and that she could function within those limitations without experiencing significant exacerbation of her symptoms. The undersigned has considered and essentially concurs with the opinions of the state agency consultants who provided assessments at the initial and reconsideration levels and notes that they also support a finding of "not disabled." SSR 96-6p.
>
> *In sum, the above residual functional capacity assessment is supported by the record as a whole. As for the claimant's testimony, it is not entirely consistent with the medical evidence as a whole and is discounted to that extent.*

(Tr. 17) (emphasis added).

The ALJ's decision to discount Plaintiff's subjective complaints solely because the medical evidence did not support those allegations was improper under *Polaski*. *See Polaski*, 739 F.2d at 1322 (recognizing the ALJ cannot discount a claimant's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Thus, because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[2]

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying DIB benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The**

---

[2] This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

  **ENTERED this 23rd day of February 2016.**

              /s/   Barry A. Bryant  
              HON. BARRY A. BRYANT  
              U.S. MAGISTRATE JUDGE